**Ibrahim ALVEREZ, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 25487.**

United States Court of Appeals, Fifth Circuit.

April 3, 1970.

Rehearing Denied July 16, 1970.

Michael A. Lipsky, Miami, Fla., for appellant.

William G. Earle, Asst. U. S. Atty., Miami, Fla., for appellee.

Before WISDOM, GODBOLD and SIMPSON, Circuit Judges.

PER CURIAM:

The appellant was found guilty on all counts of a four count indictment. The first two counts charged him with violating Title 26, U.S.C., Section 4744(a), by possessing marijuana without having paid the transfer tax imposed by Title 26, U.S.C., Section 4741(a), while counts Three and Four charged violations of Title 26, U.S.C., Section 4742(a) by transferring marijuana without first securing the required order form. He was sentenced to two years imprisonment on each of the tax counts and five years on each of the order form counts, all sentences to run concurrently.

On the basis of the Supreme Court's recent holding in Leary v. United States, 1969, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57, we reverse the convictions based upon counts One and Two of the indictment. We agree with appellant's contention that compliance with the transfer tax provisions would have exposed him to a real and appreciable risk of self-incrimination within the meaning of Grosso v. United States, 1969, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed. 2d 906; Marchetti v. United States,

1969, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed. 2d 889; and Haynes v. United States, 1969, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed. 2d 923.

■ Since the United States Supreme Court determined in Minor v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283, that Title 26, U.S.C., Section 4742(a) does not violate the Fifth Amendment privilege against self-incrimination, we affirm the appellant's conviction based on counts Three and Four of the indictment.

■ Perusal of the record refutes appellant's contention that the notice and demand upon him to produce the order form was unreasonable as a matter of law. Also without merit is his allegation that the evidence was insufficient to warrant a conviction for unlawful transfer of marijuana. The evidence viewed in the light most favorable to the government, Glasser v. United States, 1941, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680, is clearly sufficient to support the verdicts returned on counts Three and Four.

Reversed in part, affirmed in part.